Louis D. Laurino, S.
Application by decedent’s grandson for an order granting an allowance for legal services and disbursements on the ground that a construction of the will was involved in the litigation heretofore had herein (Matter of Cairo, 35 A D 2d 76, affd. without opn. 29 N Y 2d 527). The question of counsel fees was specifically reserved for supplemental decree by a provision in the decree on the accounting (cf. SCPA 2301, subd. 5). The application is opposed by the Attorney-General and by two of the charitable legatees.
Decedent bequeathed the bulk of her estate to charity. The grandson elected to contest the bequest to charity on the ground that it exceeded one half of the decedent’s estate (EPTL 5-3.3). Ultimately, the courts found him ineligible to contest the matter, on the ground that he had no pecuniary interest either under the will or as a distributee (EPTL 5-3.3, subd. [a], par. [1]).
The present application for an allowance for legal fees and disbursements is based on the claim that the proceeding necessarily involved a construction of the will. The charities and the Attorney-General contend that this was not a construction proceeding and that the services rendered ,did not benefit the estate. In a construction proceeding, the court may award to any party such sum as it deems reasonable for his counsel fees and other expenses necessarily incurred in the proceeding or on the appeal (SCPA 2302, subd. 6). The main question is whether the proceeding involved a construction of the will.
One of the charities, contending that the question involved was solely a question of standing and not construction, quotes from Matter of Liberman (6 N Y 2d 525, 530): “ Where the issues litigated are those of status or standing, dependent upon facts ulterior to the will, the proceeding is not a construction proceeding within the purview of section 278 of the Surrogate’s Court Act, and allowances may not thereupon be awarded ’ ’.
The court there had in mind cases involving whether the petitioner was in fact the surviving spouse or whether the election, was timely made. In the instant case, there was no question of the status of Joseph L. Cairo as the grandson of the decedent. No one disputed that fact.
*825 In Liberman (supra), the court further pointed out that where the question is one of statutory construction, or where the intent of the testator is clear and the court need only determine whether the requirements of a statute have been met, the proceeding is not one to construe a will. Again, in the instant case, it was obvious that the bequests to charity exceeded 50% of the estate. The question presented was whether, because of the language of the will, the grandson was ineligible to contest the gift to charity.
Moreover, at least some of the parties hereto regarded this litigation as involving a construction of the will. The petition specifically asked “for a construction of the said will”. The Attorney-General, in his memorandum of law submitted in this court, referred to the litigation as ‘ ‘ this combined accounting and construction proceeding ’ ’.
The Appellate Division (35 A D 2d 76) opened its opinion with the sentence, “ These appeals present an interesting question of testamentary and statutory construction.”
Furthermore, in Liberman (6 N Y 2d 525, 532, supra) the Court of Appeals expressly rejected the attempt to distinguish between a proceeding to construe a will and a proceeding in which a will may be construed, and stated that the caption of the proceeding should not be controlling as to its essential nature.
The language of the will upon which the charities relied to claim- that the grandson was disinherited and, therefore, ineligible to contest the matter, reads as follows: “I make no bequest to my grandson, Joseph l. cairo * * * for good and sufficient reason.”
The Surrogate held that this language was consistent with the possibility that the testatrix may have already provided for her grandson by Totten Trusts or inter vivos gifts and, therefore, was not making a further bequest to him in her will. The Surrogate held that the language used did not evince a clear-cut and unequivocal intent on the decedent’s part to disinherit him totally, even from sharing in any property that might pass by intestacy. (Compare the language used in Matter of Dammann, 12 N Y 2d 500.) The Appellate Division (35 A D 2d 76) and the Court of Appeals (29 N Y 2d 527) took a different view and reversed the Surrogate. Nevertheless, it was the language of the will which was construed to determine that the grandson was ineligible to contest the matter. Accordingly, the application is granted to the extent hereinafter indicated.
The factors to be considered in fixing attorney’s fees are succinctly set forth in Matter of Potts (213 App. Div. 59, 62, affd. 241 N. Y. 593). ' Two of those factors are the amount involved *826 and the results obtained. This estate was not large and the grandson’s counsel were ultimately unsuccessful. Under these circumstances, the court cannot allow a fee commensurate with the work involved. Counsel fees will be allowed in the sum of $750 plus disbursements of $991.44 for a total allowance of $1,741.44.